UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERMAN SWOPES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21 C 4796 |
| UNITED STATES OF AMERICA, | ) Judge Rebecca R. Pallmeyer ) |
| Defendant. | ) |

### ORDER

Sherman Swopes pleaded guilty to attempted bank extortion and possessing a firearm during a crime of violence. He filed a motion under 28 U.S.C. § 2255 [1], arguing that attempted bank extortion no longer qualifies as a crime of violence. The court denied that motion as untimely [8]. Swopes now files a motion for reconsideration [15], while the government moves to dismiss his petition as untimely [19]. For the reasons discussed below, the court denies Swopes's motion for reconsideration and denies the government's motion as moot.

### STATEMENT

**I. Background**

On the evening of July 9, 2008, Sherman Swopes, along with several other individuals, kidnapped Charles Zachary for ransom. *See United States v. Durham*, 645 F.3d 883, 888–90 (7th Cir. 2011). Specifically, Swopes and a co-defendant abducted and handcuffed Zachary, and then placed him in the back of a vehicle for transport to another co-defendant's house. There, Swopes's co-defendants tormented Zachary by pulling up his toes with a wrench, hitting his head with a revolver, and firing a gun at his leg. In response to the defendants' ransom demands, Zachary called his girlfriend, asking her to retrieve money from the bank where she worked. Zachary's girlfriend brought the ransom money and a tracking device to the house. Once the police arrived, Swopes and his co-defendants were arrested.

Swopes was then charged with conspiracy to commit bank extortion, *see* 18 U.S.C. § 371, attempted bank extortion, *see id.* §§ 2113(a) and 2, and using or carrying a firearm during a crime of violence, *see id.* §§ 924(c)(1)(A) and 2. On October 8, 2009, Swopes pleaded guilty to two counts: attempted bank extortion (Count Two) and use of a firearm during a crime of violence (Count Three). (Plea Declaration [*171] at 1; Plea Colloquy Tr. [*364] at 26:9–13.)¹ Swopes was sentenced by Judge Coar; following appeal, *see Durham*, 645 F.3d at 900, he was resentenced by this court in January 2012 to 260 months imprisonment [*452]. Swopes did not appeal this sentence.

Around September 2021, Swopes filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255.² Swopes pointed to the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591, 597–98 (2015), which invalidated as unconstitutionally vague the residual clause in the Armed Career Criminal Act's definition of violent felony, and *United States v. Davis*, 139 S. Ct. 2319, 2325–27 (2019), which struck down the similar residual clause in § 924(c)'s definition of crime of violence and left intact only § 924(c)'s elements clause. Swopes challenged his § 924(c) firearm conviction, arguing that attempted bank extortion does not satisfy the elements clause and is therefore not a crime of violence. (Def.'s Pet. [1] at 2.) The court ordered Swopes to show cause why his petition was timely [3], explaining that even if *Davis* and *Johnson* provided

---

¹ Citations to Swopes's criminal docket (08 CR 0549-4) are denoted with an asterisk. All other citations are to his civil docket.

² The court received Swopes's petition on September 8, 2021. The petition itself is postmarked from FCI Pekin on August 27, 2021, and the certificate of service states that Swopes served copies of the petition "by regular mail." (Def.'s Pet at 10.) Under the prison mailbox rule, a prisoner's document is treated as filed the moment the prisoner deposits it in the prison mail system. *See Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015); *Hurlow v. United States*, 726 F.3d 958, 962 (7th Cir. 2013). A prisoner invoking the rule must submit: "(1) a declaration under penalty of perjury of the date of deposit with proper postage or (2) 'evidence (such as a postmark or date stamp) showing that the paper was so deposited and that postage was prepaid.'" *Harris v. Schaller*, 830 F. App'x 787, 788 (7th Cir. 2020) (quoting FED. R. APP. P. 4(c)). The government argues that the proper filing date is September 8, pointing to Swopes's reference to "regular mail" and claiming there is no indication that Swopes used the prison mail system. (Gov't Mot. [19] at 3 n.3.) Because the petition is untimely under either date, the court need not reach this issue.

a basis for relief, Swopes was required to file his petition within one year of those decisions' issuances—the latest of which was June 24, 2019. *See* 28 U.S.C. § 2255(f)(3). In response, Swopes argued that the limitations period was equitably tolled, because a six-month prison lockdown due to COVID-19 had restricted his access to the law library starting in April 2020 [4, 6]. On October 7, 2021, the court dismissed Swopes's petition as untimely [8]. In doing so, the court rejected his equitable tolling argument: even if Swopes was prevented from filing during the lockdown, that lockdown was imposed in April 2020 (about two months before the one-year filing deadline in June 2020), so equitable tolling would only delay the filing deadline to January 2021 (about two months after the lockdown was lifted in November 2020).

In two separate but substantively identical submissions (postmarked November 6 and 8, 2021), Swopes asked the court to reconsider this ruling. (Mots. for Reconsideration [12, 13]). Swopes "clarified" his allegations, claiming that there was no library access from April to September 2020; then, in order to access the library, prisoners "had to have a card showing that [they] had an open case, and [Swopes] didn't have an open case." (*Id.* at 3.) Due to COVID cases, the prison also locked down for several weeks in October and from late December to late January. (*Id.*) Apparently after that last lockdown, prisoners were allowed out of their cells for three hours a day—"sometime[s] still with no access to the library"—until February 2021. (*Id.*) Swopes then alleges that at an unidentified time, the prison "went on lockdown again and came off in September 2021 when the brief was filed." (*Id.*) The affidavits attached to Swopes's motions made similar factual allegations, but stated that the lockdown ended in February 2021. (*Id.* at 4.) On November 19, 2021, the court denied these motions [14]. In another identical motion for reconsideration, postmarked November 8, 2021 and received by the court on December 6, 2021, Swopes reiterated his allegations [15, 16].

Given Swopes's inconsistent and conflicting allegations, the court ordered the government to respond to Swopes's motion for post-conviction relief with records relating to his Bureau of Prisons facility [17]. The government has responded with a motion to dismiss the petition as

3

untimely and to stay briefing on the merits [19]. The government urges that Swopes has not established equitable tolling, and submits, in support, a declaration from the Executive Assistant at FCI Pekin, where Swopes is incarcerated. According to the declaration, prisoners' library access was suspended in March 2020 and limited from April to August 2020; after that, library access was suspended only for the month of October 2020 and for about a week in January 2021 [19-1]. Furthermore, the government contends, Swopes has not established the "actual innocence" exception to § 2255's one-year statute of limitations. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). In response [21, 25], Swopes focuses solely on his argument that he is actually innocent of his firearm conviction, because attempted bank extortion is not a crime of violence after *Davis*.

## II. Motion to Reconsider

Both parties focus on whether Swopes's petition is untimely, without discussing the proper framework for considering a post-judgment motion for reconsideration. Where a motion is filed within 28 days of entry of judgment, the court treats it as a Federal Rule of Civil Procedure 59(e) motion to alter the judgment; otherwise, it must be construed as a Rule 60(b) motion to vacate the judgment. *See Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666–67 (7th Cir. 2014). Here, the court entered judgment dismissing Swopes's § 2255 petition on October 7, 2021, meaning the deadline for any Rule 59(e) motion was November 4, 2021. Because Swopes's post-judgment motions are postmarked November 6 and 8, 2021, the court construes them under Rule 60(b).[3] Rule 60(b) authorizes relief only under the particular situations listed in the rule, including mistake or excusable neglect, newly discovered evidence, or the catch-all provision for extraordinary

---

[3] Swopes's motions again do not make clear whether he placed his filings in the prison mailing system, as required to receive the benefit of the prison mailbox rule. One of these motions also states that it was delivered by regular mail. ([13] at 5.) Even with the benefit of these earlier postmarked dates, Swopes did not file any motion within 28 days of entry of judgment. The court also notes that, even under Rule 59(e)'s more forgiving standard, which permits a court to amend its own judgment to address "newly discovered evidence or a manifest error of law or fact," *see Russell*, 51 F.3d at 749, Swopes has not established a claim for relief, for the reasons detailed below.

4

circumstances. *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). Because Rule 60(b) provides an extraordinary remedy, it is not the appropriate vehicle for addressing simple legal error, nor for introducing evidence that could have been presented earlier. *See Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)

In his motion to reconsider, Swopes primarily rehashes his equitable tolling argument, providing some additional details about the prison lockdown. Assuming that these additional allegations could constitute special circumstances opening the door to Rule 60(b) relief, they still do not establish equitable tolling. To demonstrate that the one-year filing deadline should be equitably tolled, Swopes must show that: (1) he was diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way of making a timely filing. *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021). Swopes's one-year deadline was triggered when *Davis* was decided on June 24, 2019. The court accepts Swopes's version of events, that there was a lockdown starting in March or April 2020 and lasting until fall 2020, after which only prisoners with "open cases" could access the library. But Swopes offers no reason why, in the exercise of reasonable diligence, he did not file this petition in the ten months between *Davis* and the lockdown. *Cf. Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001) (no equitable tolling where prisoner "wasted 154 days" before refiling his petition). Notably, Swopes himself states that prisoners were only "sometimes" prevented from using the law library, and appears to allege that absolute library restrictions were intermittent, depending on COVID cases. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[A] prisoner's limited access to the prison law library is not grounds for equitable tolling.").

In response to the government's motion to dismiss, Swopes—for the first time—attempts to evade the time bar by invoking the "actual innocence" exception to the statute of limitations.[4]

---

[4] In Swopes's original § 2255 petition, as well as supplemental motions for the court to construe his § 2255 petition as one under 28 U.S.C. § 2241 [5, 7], he made an actual innocence

5

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). To establish this exception, the defendant must demonstrate that "in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Swopes argues that because attempted bank extortion is not a crime of violence post-*Davis*, he is actually innocent of his § 924(c) conviction. The Seventh Circuit has not decided whether the exception applies "where a subsequent change to the scope of a law renders the conduct the petitioner was convicted for no longer criminal." *Lund*, 913 F.3d at 667–68; *see Gladney v. Pollard*, 799 F.3d 889, 897 (7th Cir. 2015). The court need not reach this difficult question. In doing so, the court assumes without deciding that the actual innocence exception (or, alternatively, equitable tolling) would allow it to consider the merits of Swopes's untimely petition and would constitute an exceptional circumstance permitting Rule 60(b) relief. Swopes's challenge to his § 924(c) conviction fails for a different reason: he pleaded guilty.

The Seventh Circuit has held, on multiple occasions, that defendants who enter unconditional guilty pleas waive their right to challenge § 924(c) convictions based on whether the predicate offense satisfies the statutory definition of a crime of violence. *See Grzegorczyk v. United States*, 997 F.3d 743, 746–48 (7th Cir. 2021), *petition for cert. filed*, (Oct. 15, 2021) (No. 21-5967); *United States v. Wheeler*, 857 F.3d 742, 744 (7th Cir. 2017); *Davila v. United States*, 843 F.3d 729, 731–32 (7th Cir. 2016). That is because "[w]hen a defendant enters an unconditional guilty plea, he waives all nonjurisdictional defects arising before his plea[.]" *United*

---

argument only to excuse procedural default. To excuse his untimeliness in the show-cause responses and motions to reconsider, Swopes only argued for equitable tolling.

*States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011).[5] In *Grzegorczyk*, 997 F.3d at 745, a case very similar to this one, the defendant entered a written plea agreement, under which he pleaded guilty to murder-for-hire and use of a firearm during a crime of violence, waived the right to "all appellate issues that might have been available if he had exercised his right to trial," and "could only appeal the validity of his guilty plea and the sentence imposed."  The defendant then collaterally attacked his § 924(c) conviction through a § 2255 petition, arguing that, in light of *Johnson* and *Davis*, murder-for-hire is not a crime of violence.  *Id.* at 746.  The Seventh Circuit held that the defendant "waived this challenge to the legal sufficiency of the § 924(c) charge by pleading guilty," *id.*, because this challenge "not only *could* have been presented by pretrial motion but also *had* to be so presented under [Federal Rule of Criminal Procedure] 12(b)(3)(B)(v), which provides that 'failure to state an offense' is the sort of contention that 'must' be raised before trial." *Id.* at 747 (quoting *Wheeler*, 857 F.3d at 744).

In this case, Swopes entered a guilty plea, via a written plea declaration, which stated: "Mr. Swopes will enter a voluntary plea of guilty to Counts 2 [attempted bank extortion] and 3 [knowingly using and carrying a firearm during and in relation to a crime of violence] of the superseding indictment." (Plea Declaration at 1).  The plea declaration further stated:

> [I]n pleading guilty, Mr. Swopes admits he is guilty and agrees that he should be found guilty.  Mr. Swopes has discussed his trial rights with his attorney and understands that by pleading guilty he is waiving all appellate issues that may have been available had he exercised his right to trial, and may only appeal the validity of the Court's pre-trial rulings, his plea of guilty and the sentence imposed.

(*Id.* at 5–6.)  Swopes confirmed his decision to plead guilty at a plea colloquy.  (*See generally* Plea Colloquy Tr.)  However, unlike the pleas in *Grzegorczyk* and other cases, Swopes's plea

---

[5] The Seventh Circuit has held that this type of waiver is jurisdictional. *See Combs*, 657 F.3d at 569–71. *But see United States v. Robinson*, 20 F.3d 270, 273 (7th Cir. 1994) (where the government does not raise the preclusive effect of the defendant's unconditional waiver, the court may review non-jurisdictional errors for plain error); *United States v. Adigun,* 703 F.3d 1014, 1021–22 (7th Cir. 2012) (recognizing "tension" in this circuit's precedent, but declining to overrule the jurisdictional approach from *Combs*).  Regardless whether the guilty plea effects procedural or jurisdictional waiver, it forecloses relief to Swopes.

7

was conditional. A conditional plea occurs when the defendant, with the consent of the court and government, "reserv[es] in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." *Combs*, 657 F.3d at 569 (quoting FED. R. CRIM. P. 11(a)(2)). Such a plea must "precisely identify which pretrial issues the defendant wishes to preserve for review." *United States v. Kingcade*, 562 F.3d 794, 797 (7th Cir. 2009) (quoting *United States v. Markling,* 7 F.3d 1309, 1313 (7th Cir. 1993)). "All non-jurisdictional issues not specifically preserved in the conditional plea agreement are waived." *Id.* Though Swopes reserved the right to challenge the court's pre-trial rulings, he never made—and the court never ruled on—any legal sufficiency challenges to the charged offense as a crime of violence or to the indictment in general. Swopes's guilty plea therefore waives his right to collaterally attack that predicate offense now.

The court must enforce this final judgment of guilt (and the corresponding wavier) except in limited situations: where the plea was uncounseled or involuntary or where the court had no subject-matter jurisdiction to enter the conviction. *See Davila*, 843 F.3d at 732 (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). Whatever constitutional problems stem from *Davis* or *Johnson*, they did not divest the court of jurisdiction to enter Swopes's guilty plea or "imply that the very institution of the criminal charge violated the Constitution." *Id.* at 732–33; *see also Grzegorczyk*, 997 F.3d at 748 (explaining that whether a predicate offense is a crime of violence "is an issue of statutory construction, not a claim of constitutional immunity from prosecution"). Furthermore, Swopes had legal counsel when he entered into his plea, and did not contend that it was involuntary or unintelligent on direct appeal. Nor did Swopes attack the plea in his § 2255 petition or subsequent briefing, instead focusing on his argument that bank extortion is not a crime of violence. Even if Swopes is correct on this point, that does not undermine his decision to plead guilty. *See Davila*, 843 F.3d 729, 732 ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.") (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)). Thus, even assuming Swopes could overcome procedural default, his failure to raise

8

any issues with the plea agreement in his § 2255 petition means the argument is waived or forfeited. *See Grzegorczyk*, 997 F.3d at 748–49 (holding that even if defendant could overcome procedural default, his failure to contest the plea's validity in his § 2255 motion was "decisive").

Finally, to the extent Swopes contends more generally that the court should ignore his guilty plea because of actual innocence, Seventh Circuit precedent strongly counsels against this outcome. *Cf. id.* at 748 ("A change in the law after a defendant pleads guilty does not change the voluntariness of the plea at the time it was entered and does not justify a defendant withdrawing his plea."); *Oliver v. United States*, 951 F.3d 841, 847 (7th Cir. 2020) (rejecting defendants' argument that enforcing collateral-attack waivers in their plea agreements would be a miscarriage of justice due to actual innocence of their § 924(c) convictions, because (1) the government's only arguable wrongdoing "was failing to anticipate changes in the Supreme Court's jurisprudence" and (2) the government could have premised the convictions on uncharged conduct). Regardless whether Swopes's petition is timely, his guilty plea waives the right to challenge his § 924(c) conviction.

## CONCLUSION

The court denies Petitioner Sherman Swopes's motion for reconsideration [15]. The government's motion to dismiss [19] is denied as moot. The Clerk is directed to enter judgment in favor of the United States.

ENTER:

Dated: May 10, 2021

_____
REBECCA R. PALLMEYER
United States District Judge

9